# BATES & GARCIA, LLC.
### ATTORNEYS AT LAW
---
CIVIL • CRIMINAL • REAL ESTATE • PERSONAL INJURY
---

201 N. Charles Street • Suite 1900
Baltimore, Maryland 21201
Office: 410.814.4600 • Fax: 410.814.4604 • www.batesgarcia.com

Ivan J. Bates
ivan@batesgarcia.com
Tony N. Garcia
tony@batesgarcia.com

October 20, 2020

The Honorable Deborah K. Chasanow
United States District Court Judge
101 W. Lombard Street
Baltimore, MD 21201

Re: *United States of America v. Urek Bradshaw*, No. DKC-20-071

Dear Judge Chasanow:

Please accept this letter Sentencing Memorandum in support of Mr. Bradshaw's request that he receive a sentence of not more than **10 months** to be served on home confinement. I write briefly to provide the Court a better understanding of the sentencing issues relevant to Mr. Bradshaw's sentencing currently scheduled for October 28, 2020.[1] Mr. Bradshaw entered a guilty plea to Count One of the indictment, which charged him with felony possession of a firearm, in violation of 18 U.S.C. §922(g). The parties have agreed to certain guideline applications, discussed more fully below, but did not agree upon a sentence or sentencing range. A variant sentence is appropriate.

## Guideline Issues and Analysis and Background Facts

Counsel has had an opportunity to review the PSR, and no objections are noted by the Defendant. The parties agree that base offense level 12 is applicable, and the PSR assigns one criminal history point, ¶24, which corresponds to criminal history category I (10-16 months). ¶65. The circumstances of this case, however, warrant a variant sentence. Such a substantial sentence would balance the nature and gravity of Mr. Bradshaw's counterproductive behavior against his need for rehabilitation, an opportunity to develop work and life skills, and the chance to become a contributing member of society. Mr. Bradshaw is a 24-year-old man, and an excessively prohibitive sentence would prove counterproductive in hastening Mr. Bradshaw's path to rehabilitation. The Court should therefore provide Mr. Bradshaw with a sentence reflective of hope. *Cf. with United States v. Thomas*, 360 F. Supp. 2d 238, 243 (D. Mass. 2005) (declining to impose an excessively harsh sentence, citing the §3553(a) factors).

1

## Sentencing Under Booker

In 2005, the United States Supreme Court determined that judges are no longer required to apply the United States Sentencing Guidelines ("Guidelines") in a mandatory fashion when determining the appropriate sentence for a defendant. *United States v. Booker*, 543 U.S. 220, 245 (2005). Since then, a sentence must be "reasonable" for it to be considered lawful. *See United States v. Kimbrough*, 552 U.S. 85 (2007); *Gall v. United States*, 552 U.S. 38, 51 (2007). "[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49. "[T]he Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however." *Id.* "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable." *Id.* at 49-50.

Other statutory sections provide additional guidance for the district court in fashioning an appropriate sentence. Specifically, 18 U.S.C. §3582 states in part: The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation. 18 U.S.C. §3582(a). As such, even if the Guidelines suggest that a sentence of imprisonment is appropriate, if after consideration of the § 3553 factors and any other facts in mitigation that suggest that the Guideline calculation does not provide for a fair and just sentence in this case, the Court is "not bound by" the Guideline calculations. *United States v. Dean*, 604 F.3d 169, 174 (4th Cir. 2010).

## The Appropriate Guidelines Calculation in This Case

A Presentence Investigation Report ("PSR") has been prepared by the United States Probation Office. After the appropriate deductions for acceptance of responsibility, the PSR placed the total offense level at 12, with a criminal history category of I, and calculated a guidelines range of 10 to 16 months, and up to 3-years of supervised release. PSR ¶67. Because the statutorily authorized maximum penalty is this case is 10-years, the PSR notes that this is the applicable guidelines range. ¶¶64, 66. Here, however, Mr. Bradshaw argues that a variant sentence of **10 months** home confinement is the appropriate disposition in this case.

## Analysis of the 18 U.S.C. §3553(a) Factors

The Court must consider the § 3553(a) factors, weigh them properly, and fashion an appropriate sentence based on the facts of the case. *United States v. Evans*, 526 F.3d 155, 161 (4th Cir. 2008). Pursuant to 18 U.S.C. §3583(e), the Court must consider sections 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). *See Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Consideration of these factors support a finding that a sentence of **10 months** is the appropriate disposition in this case. Here, Mr. Bradshaw is a young man, with a single criminal

history point as a result of a fight that occurred while he was in school, but leads an otherwise productive and crime free life. Extensive prison time, while a deterrent, would not be consistent with the goals of sentencing in this case.

### The Nature and Circumstances of the Offense and History of the Defendant §3553(a)(1)

In considering the nature and circumstances of the offense and the characteristics of the Defendant, the Court can consider "written and oral arguments presented by the defendant," "supportive letters," whether the defendant shows "any remorse," and other mitigating factors in determining the appropriate sentence. *United States v. Waters*, 799 F.3d 964, 975 (8th Cir. 2015).

Mr. Bradshaw is charged with possession of a firearm, only. He is a very young man, who has accepted responsibility for his ill-considered conduct, and who admits that he has made poor decisions. He is a polite man, very thoughtful and has the ability to do better, and is currently expecting a child with his girlfriend, Christine Adams. Mr. Bradshaw is currently employed and expects to maintain employment should be sentenced to home confinement. Throughout his young life, Mr. Bradshaw has been surrounded illicit drug and criminal activity, which undoubtedly contributed to some of his poor decisions. As with many inner-city youth, Mr. Bradshaw's father was one of the only role models that he had, but which turned out to be problem some.

Mr. Bradshaw's father, Rajiem Bradshaw, is currently under indictment for distribution of narcotics. This discouraging conduct by Mr. Bradshaw's father demonstrates the negative influence that he had on his son.

Prior to Mr. Bradshaw's arrest, he regularly maintained employment, ¶¶57-61, and is not averse to work. Further, Mr. Bradshaw is a high school graduate, and has attended college courses at Baltimore Citi Community College. ¶¶52-53.

### To Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of The Defendant

The Government has already sent a strong message in this case. The prospect of a federal prosecution is terrifying in and of itself in a case such as this. The harm that befalls an individual who faces such prosecution far exceeds and last longer than the effects of a prison sentence that the individual faces. The disruption of a young person's life, the stigma that will follow him for the rest of his life, the damage to his reputation and good name, the loss of several of the most formative and exciting years in his life, and the enormous pressure on the family and friends are all consequences that are made public by the prosecution of this case.

Indeed, one can assert that the goal of general deterrence is already achieved by the act of initiating the prosecution. *See United States v. Anderson*, 533 F.3d 623 (8th Cir. 2008) (affirming a downward variance based on "other ways in which the defendant had suffered atypical punishment

such as the loss of his reputation and his company, the ongoing case against him from the Securities and Exchange Commission and the harm visited upon him as a result of the fact that his actions brought his wife and friend into the criminal justice system").

# Conclusion

After the Court considers the arguments and analysis detailed above, there is sufficient evidence in mitigation to allow the Court to fashion a sentence either in departure, or via a variance, or both, from the advisory sentencing guidelines range. Specifically, Mr. Bradshaw respectfully requests that this court utilize this memorandum to impose a sentence of no more than **10 months** of home confinement, with **one year of supervised release** to follow. Given the facts of this case, the requested sentence is sufficient and complies with the statutory directives set forth in 18 U.S.C. § 3553(a).

WHEREFORE, Mr. Bradshaw respectfully prays that this Honorable Court will impose a sentence of no more than **10 months** in this case.

Respectfully submitted,

_____/s/_____
IVAN J. BATES, ESQ.
201 N. Charles Street, Ste. 1900
Baltimore, MD 21201
Phone: (410) 814-4600

*Counsel for the Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of October, 2020, I electronically filed the foregoing Sentencing Memorandum, using the CM/ECF filing system, which sent notice of electronic filing to all interested parties.

_____/s/_____
IVAN J. BATES, ESQ.



**CENTER FOR URBAN FAMILIES**
**HELPING FATHERS AND FAMILIES WORK**

P 410 367 5691
F 410 367 4246
www.cfuf.org

2201 North Monroe Street
Baltimore, Maryland 21217

Dear Your Honor:

My name is Lavatte David, Lead Employment Trainer with the Center For Urban Families. I am writing about Urek Bradshaw, who is appearing before your court. Urek Bradshaw asked me to write a character reference letter, however, I was already planning to do so before the request. I am honored to speak on his behalf. I feel strongly about Urek Bradshaw, and about his promising future, and I want to explain why and share more light on the person that he is striving to be.

Urek Bradshaw is a person of good moral character. I realize that might seem hard to believe, given the circumstances, but it's true nonetheless. I have known Urek Bradshaw since 2009 when he came to CFUF for support. During that time, I have witnessed him go through difficulties, but all the while, I have been convinced that he is a decent person at the core. He needs more people to believe in him so that he can become the person I know he can be. Mr. Bradshaw suffers from several deaths in his family and deep-rooted family issues that have affected numerous people in his family. Mr. Bradshaw came to us for support and during his time with us, he was focused and driven. Unfortunately due to his criminal background at the time he was here employers were reluctant to give him an opportunity. I am positive that the disappointment, inability to provide and take care of himself became overwhelming and he went back to the only way he knows to take care of himself. I am by no means making excuses for him, nor that his actions be over looked. I am asking that he be given an opportunity to address his grief and personal issues and continue with the support we offer at Center For Urban Families. We have numerous new partnerships that welcome ex-offenders and mental health experts that specialize in addressing mental health.

Urek Bradshaw has made mistakes, and he is incredibly remorseful, and is willing to do whatever it takes to make reparations, financially and emotionally, if possible. However, to do that, he needs you to give him an opportunity. I recognize that Urek Bradshaw broke the law; I just hope you will recognize the power you wield with regard to the future of this man, and make a fair decision. Additionally, we offer full support and in partnership with the courts, I believe Urek can be a success story that we all can take pride in changing the lives of the people of Baltimore. I sincerely appreciate your time in this matter and if you have further questions, I can be reached at: Cell (443) 769-8013 or Ldavid@cfuf.org.

Sincerely,

*Lavatte David*

**EXHIBIT 1**





P 410 367 5691
F 410 367 4246
www.cfuf.org

2201 North Monroe Street
Baltimore, Maryland 21217

October 17, 2020

To Whom It May Concern:

This letters serves as verification that Mr. Urek Bradshaw is currently a participant in the STRIVE Baltimore Employment Training & Placement Program at the Center for Urban Families. STRIVE uses a "tough love" approach to work readiness by focusing not only on getting the chronically unemployed hired, but furthermore maintaining employment. STRIVE aims to assist individuals with significant barriers to employment and obtain the training they need to secure meaningful work and achieve economic self-sufficiency. Additionally, this program has a two-year case management/retention follow-up. Services include:

- Supportive Services
- Job Placement
- Career Assessment/Planning
- Pre-Ged and GED Testing and Instruction
- Retention/Case Management Follow Up

To ensure a successful completion of our program, Members must be consistently engaged in an intense period of training in attitude, self-presentation and job search techniques with rapid placement and long-term follow-up. Mr. Bradshaw also completed our Jump Start program that trains our members in the construction field and provides job placement.

During Mr. Bradshaw's tenure thus far at the Center for Urban Families, I as well as other support staff have been able to observe a dramatic change in his attitude, behavior, and disposition. Mr. Bradshaw performed so well that he was unanimously chosen by his peers as the leader of the workshop and one of the most improved in his workshop. Mr. Bradshaw has remained compliant with our program rules and procedures. Mr. Bradshaw has been consistently attending employment classes and individual meeting sessions with his life coach to work on personal goals created through a thorough assessment process. Based on my observations of Mr. Bradshaw's dedication to self-improvement and positive change, it is my projection that he will continue to excel in achieving self-sufficiency. I am convinced that Mr. Bradshaw will continue to improve and make choices that improve not only his life but the community.

If you have any further questions regarding Urek Bradshaw participation or program compliance, please contact me at (410) 367-5691 or wcooper@cfuf.org. Thank you for your time in this matter.

Sincerely,

Wayne Cooper
Intake Specialist



EXHIBIT 2